O

# United States District Court
# Central District of California

| | |
|---|---|
| ANTON TOUTOV,<br><br>        Plaintiff,<br><br>    v.<br><br>CURATIVE LABS INC. et al.,<br><br>        Defendants. | Case No. 2:20-cv-11284-ODW (ASx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [90]** |

## I. INTRODUCTION

Plaintiff Anton Toutov moves for leave to file a First Amended Complaint ("FAC"). (Mot. Leave Am. ("Mot."), ECF No. 90.) For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.[1]

## II. BACKGROUND

On December 15, 2020, Toutov filed a Complaint asserting four causes of action against Defendants Curative Labs Inc. and Curative Inc. (collectively, "Curative Defendants"), Korva Holdings LLC and Korva Scientific, Inc. (collectively, "Korva

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Defendants"),[2] and individuals Jonathan Martin and Paul Scott (collectively, "Individual Defendants"). (Compl. ¶¶ 16–21, ECF No. 1.) In the Complaint, Toutov asserts four causes of action against Defendants: violation of California Corporations Code section 1600, breach of fiduciary duty, breach of contract, and accounting. (*Id.* ¶¶ 78–97.)

On November 23, 2021, the Court issued a Scheduling and Case Management Order ("Scheduling Order") setting the case schedule. (Scheduling Order, ECF No. 58.) The Court set February 14, 2022, as the deadline to hear motions to amend pleadings, (*id.* at 24), and explained that any requests to amend pleadings after the deadline would be subject to review under *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), (Scheduling Order 5).

On September 8, 2022, the Individual Defendants moved for summary judgment. (Individual Defs. Mot. Summ. J., ECF No. 87.) On October 24, 2022, the Curative Defendants also moved for summary judgment. (Curative Defs. Mot. Summ. J., ECF No. 110.) After the Individual Defendants' motion, and before the Curative Defendants' motion, on September 12, 2022, Toutov filed the present Motion for Leave to File First Amended Complaint. (Mot.) Briefing is complete on all three motions.

### III. LEGAL STANDARD

When a party moves to amend a pleading beyond the deadline set in the scheduling order, the party must first show "good cause" for relief from the deadline. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08. Federal Rule of Civil Procedure ("Rule") "16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and . . . [i]f [the moving] party was not diligent, the inquiry should end." *Id*. (citations omitted). Only when a party first satisfies the Rule 16 good

---

[2] On September 20, 2021, Toutov voluntarily dismissed the Korva Defendants from this suit. (Notice Dismissal, ECF No. 52.) Therefore, as used here, "Defendants" refers to the Curative Defendants and the Individual Defendants collectively.

2

cause standard need a court consider whether amendment is proper under Rule 15. *See id.* at 608.

Under Rule 15, courts analyze the following "*Foman* factors" to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies by amendments previously allowed; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts apply these factors with "extreme liberality" favoring amendment under Rule 15. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, the moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15" unless it first "satisf[ies] the more stringent 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (emphasis omitted).

## IV. DISCUSSION

Toutov brings this Motion solely under Rule 15. (*See* Mot. 4–5.) However, the deadline to amend has passed and Rule 16's good cause standard under *Johnson* governs here. (*See* Scheduling Order 5, 24.) As Toutov fails to address the correct legal standard, the Court could deny the Motion on this basis alone. *See AmerisourceBergen*, 465 F.3d at 952. Nevertheless, the Court considers the Motion under Rule 16 and Rule 15 and finds leave to amend inappropriate under either standard.

### A. Rule 16

Rule 16 requires the moving party to demonstrate good cause to modify the case schedule to permit an otherwise late motion for leave to amend. *See* Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 607–08. The moving party can show good cause through "changes in law or newly discovered evidence." *Del Rio v. Virgin Am., Inc.*, No. 2:18-cv-1063-GW (SKx), 2019 WL 210957, at *3 (C.D. Cal. Jan. 3, 2019). However, "that justification erodes . . . when a Plaintiff delays amending his complaint beyond the time he could have discovered the grounds for amendment through the exercise of reasonable diligence." *Id.* (emphasis omitted). "The good cause standard

typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737–38 (9th Cir. 2013) (affirming district court denial of motion to amend where the plaintiff was not diligent).

Here, Toutov seeks to add a cause of action under California Penal Code section 496 ("Section 496"), for treble damages and attorneys' fees based on Defendants' alleged theft of Toutov's property. (Mot. 1, 7–9.) He proposes no new factual allegations and instead seeks only to assert a new legal theory based on the existing allegations. (*See id.* at 5–6.) Toutov contends that, at the time he initiated this litigation, he could not assert a Section 496 cause of action because the "California Courts of Appeal were split as to whether [S]ection 496 could be applied to business disputes" such as this one. (*Id.* at 8 (*comparing Switzer v. Wood*, 35 Cal. App. 5th 116, 131–32 (2019) (finding Section 496 applies in a civil action), *with Siry Inv., L.P. v. Farkhondehpour*, 45 Cal. App. 5th 1098, 1134 (2020) ("*Siry I*") (finding Section 496 does not apply in a civil action)).) He argues that, in July 2022—after he filed his Complaint and the time to seek leave to amend had elapsed—the California Supreme Court confirmed that Section 496 *does* apply to civil matters involving business disputes, reversing *Siry I* and agreeing with *Switzer*. (*Id.* (citing *Siry Inv., L.P. v. Farkhondehpour*, 13 Cal. 5th 333, 361–62 (2022) ("*Siry II*")).) Toutov contends that only now can he assert a Section 496 cause of action here, because the recent California Supreme Court decision in *Siry II* "just recently . . . established" his right to do so. (*Id.* at 8.)

Toutov ignores that California Courts of Appeal decisions such as *Switzer* supported Section 496's applicability to civil business disputes well before the California Supreme Court affirmed it in *Siry II*. For instance, in *Bell v. Feibush*, the California Court of Appeal for the Fourth District found a Section 496 civil claim permissible in a case in which the plaintiff alleged the defendant fraudulently induced

the plaintiff to loan the defendant money. 212 Cal. App. 4th 1041, 1043, 1048 (2013). And in *Switzer*, the California Court of Appeal for the Fifth District found that Section 496 applies to claims of fraud and breach of contract "in the context of . . . joint venture[s] or preexisting business relationship[s]." 35 Cal. App. 5th at 119, 131–32. Notably, in *Siry I*, the Court of Appeal for the Second District disagreed with both *Bell* and *Switzer* and held that a plaintiff was precluded from bringing a Section 496 claim for stolen property in a civil business dispute. *See* 45 Cal. App. 5th at 1137–38. Toutov emphasizes that appellate decisions were split regarding Section 496's applicability to business disputes when he brought this suit, but he fails to acknowledge that he could have brought such a claim at the time he filed his Complaint. (*See* Mot. 7–9.)

When Toutov he filed suit in 2020, both *Bell* and *Switzer* were published and supported applying Section 496 in civil business disputes. Thus, Toutov's Section 496 claim could have been brought under either *Bell* or *Switzer*, well before *Siry II*. *See Fagerquist v. W. Sun Aviation, Inc.,* 191 Cal. App. 3d 709, 716 (1987) ("[F]ederal courts are not bound by a particular state court holding when there is a split among the intermediate state courts which has not been resolved by the state Supreme Court."). Therefore, by waiting to seek leave to amend until the pleadings were settled and dispositive motions filed, only to add a cause of action available to him from the outset of the litigation, Toutov has failed to act diligently. As Toutov was not diligent, the Court's inquiry under Rule 16 ends. *Johnson*, 975 F.2d at 609.

Toutov fails to establish good cause under Rule 16, and the Motion is **DENIED** on this basis.

**B.** **Rule 15**

Nevertheless, even if Toutov satisfied Rule 16, the Motion also fails under Rule 15 because the balance of the *Foman* factors—including the weightiest *Foman* factor—weigh against granting leave to amend. First, Defendants will suffer prejudice if Toutov is permitted to amend at this late date because the new cause of action would require the Court to reopen discovery, which would delay proceedings. *See Eminence*

*Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (finding that "prejudice to the opposing party . . . carries the greatest weight" among the *Foman* factors); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding no abuse of discretion to deny motion to amend where "[t]he requirement of additional discovery would have prejudiced [defendant] and delayed the proceedings"). Additionally, Toutov waited to seek leave to amend for nearly two months after the California Supreme Court issued its decision in *Siry II*, filing his Motion just days after the Individual Defendants moved for summary judgment. This suggests a dilatory motive and possibly gamesmanship. *See Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872–73 (9th Cir. 1986) (affirming denial of leave to amend where motion was made after discovery commenced and defendant's motion for summary judgment was pending). Accordingly, the Court finds that these *Foman* factors weigh against granting leave to amend, and the Motion is **DENIED** under Rule 15 as well.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Toutov's Motion for Leave to File a First Amended Complaint. (ECF No. 90.)

**IT IS SO ORDERED.**

December 6, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**