O
JS-6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States District Court
# Central District of California

ANTON TOUTOV,

                Plaintiff,

     v.

CURATIVE LABS INC. et al.,

                Defendants.

Case № 2:20-cv-11284-ODW (ASx)

**ORDER DENYING
MOTION TO VACATE JURY
VERDICT [257] AND DENYING
EX PARTE APPLICATION TO
INTERVENE [258]**

## I. INTRODUCTION

Defendants Jonathan Martin and Paul Scott move to vacate the jury verdict in light of their post-verdict, pre-judgment settlement with Plaintiff Anton Toutov. (Mot. Vacate ("Motion" or "Mot."), ECF No. 257.) Former Defendant Curative Inc., now dismissed, applies ex parte to intervene in this action for the limited purpose of opposing the Motion. (Ex Parte Appl. Intervene ("Appl."), ECF No. 258.) Having considered the Motion, Ex Parte Application, and Martin and Scott's Opposition to the Ex Parte Application, (Opp'n Appl., ECF No. 263), the Court finds that oral argument would not be helpful in this matter and **VACATES the April 1, 2024 hearing**, Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, the Court **DENIES** the Motion and **DENIES AS MOOT** the Ex Parte Application. (ECF Nos. 257, 258.)

## II. BACKGROUND

Toutov initiated this business dispute litigation against Martin, Scott, Curative, and Curative Labs Inc., claiming that Martin and Scott deprived Toutov of his ownership interest in the company they co-founded, KorvaLabs, and then forced Toutov out before selling the company to Curative and Curative Labs for $27.5 million. (Order Den. Defs.' Mots. Summ. J. 2, ECF No. 148.)

In June 2023, before trial, Curative and Curative Labs settled with Toutov and Toutov dismissed them with prejudice. (Order Granting Dismiss, ECF No. 174.) In September 2023, Toutov, Martin, and Scott proceeded to a four-day jury trial. (*See* Mins. Jury Trial, ECF No. 217.) The jury returned a unanimous verdict for Toutov. (Jury Verdict, ECF No. 227.) The jury specifically found that Toutov was a shareholder of KorvaLabs, Martin and Scott breached their fiduciary duties to Toutov, and their breach caused Toutov harm in the amount of $6,860,241. (*Id.* at 2–3.) The jury also specifically found that Martin and Scott acted with malice, oppression, or fraud, warranting punitive damages in the amount of $500,000 each. (*Id.* at 3; Jury Note No. 2, ECF No. 222.) In December 2023, prior to the Court resolving the remaining equitable issues and entering judgment, Martin, Scott, and Toutov reached a settlement. (Am. Notice, ECF No. 251.) The parties requested, and the Court permitted them, until March 22, 2024, to finalize the agreement, perform its terms, and file the appropriate dismissal. (*Id.* at 2; Stip. Extend Time, ECF No. 255.)

On March 4, 2024, Martin and Scott ("Defendants") filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(5) and (b)(6), requesting that the Court vacate the jury verdict in light of the parties' settlement. (Mot. 1.) Toutov does not oppose. (Pl. Statement 2, ECF No. 262.)

On March 19, 2024, Curative applied ex parte to intervene for the limited purpose of opposing the Motion. (Appl. 1.) Toutov takes no position on Curative's request to intervene and "leaves the matter to the Court's discretion." (Pl. Statement 2.) Defendants oppose intervention. (*See generally* Opp'n Appl.)

# III. DISCUSSION

Rule 60(b) authorizes a court to vacate a final judgment, order, or proceeding for certain reasons, including when "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application" and for "(6) any other reason justifying relief from the operation of the judgment." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (quoting Fed. R. Civ. P. 60(b)(5)–(6)).[1]  A court may vacate an earlier order based on the parties' settlement, but it is not required to do so. *Id.* at 1170; *Bates v. Union Oil Co.*, 944 F.2d 647, 650 (9th Cir. 1991).

"Like court orders, jury verdicts 'are not merely the property of private litigants' to be used as bargaining chips in settlement negotiations, but exist in part for public benefit and 'should stand unless a court concludes that' vacatur is in the public interest." *Embotteladora Electropura S.A. de C.V. v. Accutek Packaging Equip. Co.*, No. 3:16-cv-00724-GPC-MSB, 2020 WL 5656578, at *1 (S.D. Cal. Sept. 23, 2020) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26–27 (1994)).  Otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 721 (9th Cir. 1982).  Indeed, "[s]ome litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur." *Bonner Mall*, 513 U.S. at 28.

Thus, district courts must decide whether to vacate "in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Am. Games*, 142 F.3d at 1168 (quoting *Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995)).  The

---

[1] Although Defendants move to vacate the jury verdict, the Court also finds case law regarding motions to vacate court orders pursuant to settlement instructive. *Id.* at 1169–70 (finding that district courts should weigh the equities when determining whether to vacate a prior judgment).

burden rests with the party seeking relief to demonstrate equitable entitlement to vacatur. *See Bonner Mall*, 513 U.S. at 27 (noting the analogous petitioner's burden on appeal, as the party seeking vacatur of an appellate judgment).

Here, Defendants' sparse Motion does not justify vacatur. Defendants assert that the parties agreed to settle all claims between them so the jury verdict should be set aside, and since the verdict is not a substantive court ruling it "does not affect the precedential value of the case." (Mot. 1.) This is not enough. Defendants fail to establish any hardship from leaving the verdict in place. *See Embotteladora*, 2020 WL 5656578, at *2 (finding the parties "failed to make a showing that the public interest warrants striking the jury verdict" on the basis of the parties' settlement). Further, to the extent the verdict has potentially preclusive effects,[2] Defendants "should not be able to avoid those effects through settlement and dismissal." *Nat'l Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 769 (9th Cir. 1989).

Defendants contend that vacating the verdict "preserves judicial resources." (Mot. 3.) However, Curative highlights several currently ongoing legal actions between Defendants and Curative, all based on the events of this case. (*See* Appl. 6–7 (describing Defendants' current litigation against Curative regarding the sale of KorvaLabs, Curative's cross-complaint against Defendants concerning Defendants' fraudulent concealment of Toutov's ownership share, and Curative's arbitration demand seeking indemnity for Curative's settlement with Toutov).) Defendants do not dispute the existence of these separate legal actions. (*See generally* Opp'n Appl.) Vacating the verdict in this case will not preserve the substantial judicial resources being expended in those actions, and therefore does not tip the balance of equities in Defendants' favor. *Cf Jacobs v. Alexander*, No. 1:05-cv-01625-SAB (PC), 2017 WL 2081080, at *2 (E.D. Cal. May 15, 2017) (finding the equities swayed in favor of vacatur only because the settlement resolved four other pending federal cases).

---

[2] The Court takes no position as to whether the verdict has preclusive effect.

Our legal system demands "a decent respect for the collective wisdom of the jury, and for the function entrusted to it." *Madrigal v. Allstate Ins. Co.*, 215 F. Supp. 3d 870, 907 (C.D. Cal. 2016) (quoting *Landes Const. Co., Inc. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987)), *aff'd sub nom. Madrigal v. Allstate Indem. Co.*, 697 F. App'x 905 (9th Cir. 2017).  The Court will not endorse Defendants' attempt to "buy an eraser for the public record" through settlement.  *Ayotte v. Am. Econ. Ins. Co.*, 578 F. App'x 657, 658 (9th Cir. 2014) (quoting *Am. Games*, 142 F.3d at 1170).

Given the third-party interests in this case, the potentially preclusive effects of the verdict, and the social value of the jury's findings, the Court concludes that the equities do not weigh in favor of vacatur.  *See Nat'l Union*, 891 F.2d at 769 ("[T]he social value of precedent, created at cost to the public and other litigants, should not become a bargaining chip in the process of settlement." (cleaned up)).  In light of this conclusion, the Court finds it unnecessary to reach the substance of Curative's request to intervene for the purpose of opposing and denies Curative's Application as moot.

At the parties' request, the Court provided them more than three months, to March 22, 2024, to finalize the settlement and file a dismissal that complies with Rule 41.  (Order re Notice Settlement, ECF No. 253; Order Extend Time, ECF No. 256.)  Nothing in the Motion suggests that vacating the verdict was a condition precedent to the settlement between Defendants and Toutov, and Defendants do not attach the settlement agreement for the Court's review.  (*See generally* Mot.)  Defendants note only that the parties "have reached an agreement to settle all claims between them."  (*Id.* at 1.)  Toutov notes only that the settlement has been "finalized." (Pl. Statement 2.)  Accordingly, as the March 22, 2024 deadline to dismiss pursuant to the settlement has elapsed, and the parties have fully and finally settled all remaining claims between them, the Court finds dismissal of this action appropriate.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Vacate the Verdict, (ECF No. 257), and **DENIES AS MOOT** Curative's Ex Parte

Application to Intervene and Oppose, (ECF No. 258).  Further, in light of the parties'
full and final settlement of all claims, the Court **DISMISSES** this action and
**VACATES** all remaining dates and deadlines.  The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

March 28, 2024

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**